**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy Clarke Johnston,<br><br>    Plaintiff,<br><br>v.<br><br>Last Mile Capital Partners LLC, et al.,<br><br>    Defendants. | No. CV-25-01472-PHX-SHD<br><br>**ORDER** |

Before the Court is Plaintiff Timothy Johnston's Motion for Expedited Discovery Under Rule 26(D)(1), (Doc. 56), and Motion for Status Conference and Case Management Deadlines, (Doc. 61). The motions will be denied.

Ordinarily, parties may not seek discovery before they "have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). But when early discovery is in "the interests of justice," Fed R. Civ. P. 26(d)(2), and good cause is shown, a court may authorize expedited discovery. *Mach 1 Air Servs, Inc. v. Mainfreight, Inc.*, 2015 WL 11181334, at *1 (D. Ariz. 2015). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Mach 1 Air Servs.*, 2015 WL 11181334, at *1 (quotation marks omitted). "Among other factors, courts consider: (1) whether a preliminary injunction is pending; (2) the breadth and purpose of the discovery request; (3) the burden on the defendants to comply with the request; and (4) how far in advance of the typical discovery process the request was made." *Mobile v. Blobalgurutech LLC*, 2023 WL 3884994, at *1 (D. Ariz. 2023). The

party seeking expedited discovery "has the burden of showing good cause for the requested departure from usual discovery procedures." *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012).

Johnston seeks eight categories of documents, ranging from "[c]ommunications used to solicit, obtain, or record member votes to remove Plaintiff" to "[a]ll investor communications to AZSL and PSLF members concerning" capital calls, distributions, and admission of new investors, and more. (Doc. 56 at 3.) Johnston also requests two sworn declarations and a preservation order. (*Id.*) He argues this early discovery is warranted to address Defendants' argument in the pending motion to dismiss, (Doc. 40), that he has failed to allege sufficient facts demonstrating standing. (*Id.* at 2.)

Johnston has not demonstrated good cause to authorize expedited discovery. There is no preliminary injunction pending in this case and the purpose and breadth of Johnston's discovery requests do not warrant expedited discovery. Defendants' motion to dismiss attacks the adequacy of the Second Amended Complaint's allegations, not the sufficiency of evidence supporting those allegations. (Doc. 59 at 4.) And despite Johnston's statements that his discovery request is "narrowly tailored," he seeks broad categories of documents and declarations whose relevance to the standing issue is unclear. Further, Defendants would be prejudiced by Johnston's discovery requests at this stage of the litigation, where it is not yet evident which claims, if any, will survive the pending motion to dismiss. Accordingly, the Court will deny Johnston's motion for expedited discovery.

The Court will also deny Johnston's request for a status conference and case management deadlines. (Doc. 61.) Defendants' Motion to Dismiss Second Amended Complaint, (Doc. 40), is fully briefed and the Court will resolve it in due course. Unless the Court grants the Motion to Dismiss in its entirety, the Court will conduct a Rule 16 Case Management Conference and set discovery deadlines upon resolving that motion. Until then, the Court finds that ordering discovery is improper.

Therefore,

///

**IT IS ORDERED** denying Johnston's Motion for Status Conference and Case Management Deadlines, (Doc. 61), and Motion for Expedited Discovery, (Doc. 56).

Dated this 18th day of February, 2026.

_____
Honorable Sharad H. Desai
United States District Judge